The Honorable Steve Schall State Representative P.O. Box 25 Conway, AR 72033-0025
Dear Representative Schall:
I am issuing the following opinion in response to questions you have presented concerning the taxation of vending machines by municipalities. You have asked:
 (1) Do municipalities still have the authority to license and tax vending machines pursuant to A.C.A. § 26-77-301?
(2) If so, what is the maximum decal fee or tax which may be imposed?
RESPONSE
Question 1 — Do municipalities still have the authority to license andtax vending machines pursuant to A.C.A. § 26-77-301?
It is my opinion that municipalities do not have the authority to license and tax vending machines pursuant to A.C.A. § 26-77-301.[1]
That statute states:
 All municipal corporations may license and tax vending machines regulated by §§ 26-57-302 [repealed], 26-57-307—26-57-310 [repealed], 26-57-313 [repealed], and this section. However, the fee shall not exceed the amount of tax imposed by these statutes.
A.C.A. § 26-77-301.
The substance of the taxation authority granted in the above-quoted statute arose out of the statutes referenced therein, all of which were a part of Subchapter 3 of Title 26, Chapter 57. Most importantly, these statutes established the amount of fee or tax that could be imposed on vending machines. Indeed, the tax authorized by A.C.A. § 26-77-301 was specifically limited to the amount permitted in those statutes.
Act 344 of 1993 expressly repealed the statutory sections referenced in A.C.A. § 26-77-301. That is, it repealed all of subchapter 3 of Title 57, Chapter 57.
Because A.C.A. § 26-77-301 limits the amount of permissible tax to the amount established in the repealed sections, the authority to levy such taxes appears to have been, in effect, removed. There is, in essence, no permissible amount that can be levied under that statute.
My conclusion regarding this matter is supported by two other factors. The first is the title of Act 344 of 1993 (the repealing act), which was as follows:
 An Act to Repeal Certain Taxes and Fees Levied by Arkansas Code Annotated Which Generate Minimal Revenue and Are an Administrative Burden On the State; and for Other Purposes
Acts 1993, No. 344 (Title). This title indicates a clear intent to remove the taxes that were authorized by the repealed statutes, one of which was the tax on vending machines.
The second factor that supports my conclusion is the general repealer clause of Act 344 of 1993. It stated: "All laws and parts of laws in conflict with this act are hereby repealed." It is my opinion that A.C.A. § 26-77-301 conflicts with Act 344 by continuing to impose a tax on vending machines and by relying for an amount on statutes that were repealed by Act 344. As a result of this conflict, the general repealer clause had the effect of repealing A.C.A. § 26-77-301.
It should be noted that the state is authorized to collect a license fee for vending machines, and that the revenues from these fees are to be distributed in part to the municipalities. See A.C.A. § 26-57-1208.
Question 2 — If so, what is the maximum decal fee or tax which may beimposed?
Because I have opined that municipalities no longer have the taxation authority that was granted by A.C.A. § 26-77-301, a response to this question is unnecessary.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Municipalities may still regulate, license, and tax under the authority of A.C.A. § 14-54-103(10) (stating the general powers of cities and towns).